UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

December 15, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Clinton M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 23-710-CDA

Dear Counsel:

On March 15, 2023, Plaintiff Clinton M. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for benefits. ECF 1. This case was referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 13, 15, 18). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the SSA for further consideration. This letter explains why.

## I.    PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on May 15, 2020, alleging a disability onset of June 1, 2016. Tr. 175–76. Plaintiff's claim was denied initially and on reconsideration. Tr. 99–102, 104–06. On July 6, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 49–67. Following the hearing, on July 25, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 13–39. The Appeals Council denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability;

---

[1] 42 U.S.C. §§ 301 et seq.

(2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since . . . the application date." Tr. 20. At step two, the ALJ found that Plaintiff suffered from severe "type I diabetes mellitus (insulin dependent); diabetic polyneuropathy (feet and hands); schizoaffective disorder; bipolar disorder; depressive disorder; and anxiety disorder." *Id.* The ALJ also determined that Plaintiff suffered from non-severe "gastroparesis" and "underweight condition." *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* Despite these impairments, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except with the following limitations: occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch; never crawl; never unprotected heights or moving mechanical parts; no jobs that require exposure to vibration; frequent use of bilateral upper extremities for handling, fingering, and feeling; occasional use of bilateral lower extremities for use of foot controls; is able to perform simple, routine tasks; is able to carry out simple instructions; cannot perform work requiring a specific production rate, such as assembly line work or work that requires hourly quotas; frequent interaction with co-workers and supervisors; jobs in a low stress work environment, defined as requiring only occasional decision making and occasional changes in the work setting.

Tr. 24. The ALJ determined that Plaintiff had no past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 33. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 34.

### III.     LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached by applying the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

*Clinton M. v. Kijakazi*
Civil No. 23-710-CDA
December 15, 2023
Page 3

**IV.     ANALYSIS**

Plaintiff argues that the ALJ's decision lacks the support of substantial evidence for two reasons. First, Plaintiff contends that the ALJ failed to resolve several "apparent conflicts" between the DOT and the vocational expert's testimony. ECF 13, at 7–12. Second, Plaintiff argues that the ALJ erroneously determined that Plaintiff retained the RFC to "perform the sitting requirements of sedentary work[.]" *Id.* at 16. Specifically, Plaintiff contends that the ALJ improperly discounted the opinion of a treating source who opined that Plaintiff "could only engage in '1 hour of sitting at a time and 4 hours total in an 8-hour workday.'" *Id.* (quoting Tr. 32). Defendant counters that: (1) the vocational expert's testimony did not conflict with the DOT and (2) substantial evidence supported the ALJ's finding that Plaintiff "could sit sufficiently to perform a range of sedentary work." ECF 15, at 1–2. For the reasons explained below, the Court agrees with Plaintiff that the ALJ's conclusion regarding Plaintiff's sitting capabilities lacks the support of substantial evidence.

A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 416.945(a). In determining the RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling ("SSR") 96-8P, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work." 20 C.F.R. § 416.945(b); *see* SSR 96-8P, 1996 WL 374184, at *5 (S.S.A. July 2, 1996).

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work of which the ALJ believes the claimant to be capable. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021); *see also Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (holding that a *per se* rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'") (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). As noted in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Dowling*, 986 F.3d at 387 (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Here, in assessing the RFC, the ALJ considered "the medical source statement provided by consultative physical examiner Juris Eyler, PA-C, as outlined in his May 2021 report." Tr. 31 (citing Exhibit 6F at 3–4). Mr. Eyler opined, among other things, that Plaintiff "can sit for 1 hour at a time before needing a break and [can sit for] 4 hours total in an 8-hour workday[.]" *Id.* The ALJ found Mr. Eyler's report "mostly persuasive." Tr. 32. While the ALJ was "persuaded" by Mr. Eyler's opinion "that [Plaintiff] should be limited to only sedentary standing and walking

*Clinton M. v. Kijakazi*
Civil No. 23-710-CDA
December 15, 2023
Page 4

requirements," the ALJ "[did] not see any support in either Mr. Eyler's examination findings nor those of [Plaintiff's] treating physicians for a reduction to only 1 hour of sitting at a time and [a reduction to sitting for] 4 hours total in an 8-hour workday." *Id*. To support this determination, the ALJ explained that, despite Mr. Eyler's opined limitation regarding Plaintiff's ability to sit, "Mr. Eyler observed that [Plaintiff] was able to squat and rise from a seated position without difficulty and did not appear to be in distress during his examination." *Id.* Accordingly, the ALJ limited Plaintiff to sedentary work, Tr. 24, which requires a claimant to sit for about six hours in an eight-hour workday, *see* SSR 96-9P, 1996 WL 374185, at *3 (S.S.A. July 2, 1996) (noting that sedentary work "generally" involves sitting for "about 6 hours of an 8-hour workday").

The ALJ's assessment of Mr. Eyler's opinion constituted error in several respects. As an initial matter, the ALJ discounted Mr. Eyler's opined sitting limitation based on Plaintiff's lack of "distress" during Mr. Eyler's examination. Tr. 32. This determination misapprehends Mr. Eyler's examination and findings. While Mr. Eyler's opinion concerned Plaintiff's ability to sit for periods of at least one hour, *see* Tr. 436, his examination of Plaintiff lasted only forty-five minutes, *see* Tr. 434. In fact, a careful review of Mr. Eyler's report makes clear that his opined sitting limitation was not based on Plaintiff's ability to sit comfortably for the length of the examination. Rather, Mr. Eyler based his opinion of Plaintiff's sitting capacity on Plaintiff's history of diabetes, schizoaffective disorder, and polyneuropathy, as well as "[a]bnormal" findings regarding sensation in Plaintiff's lower extremities. Tr. 434–36. Because "a reasonable mind" would not accept the ALJ's dismissal of Mr. Eyler's opinion based on Plaintiff's lack of distress during a forty-five-minute examination, the ALJ's determination lacks the support of substantial evidence. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).

The ALJ's dismissal of Mr. Eyler's opinion on the basis that Plaintiff could "squat and rise from a seated position without difficulty" is also problematic. Tr. 32. Mr. Eyler's opinion concerned the length of time that Plaintiff was able to sit—not Plaintiff's ability to *assume* a seated position. Tr. 434–37. Given this, it is unclear how Plaintiff's squatting and rising capabilities could have informed the ALJ's decision to reject Mr. Eyler's opinion that Plaintiff was limited to sitting in one-hour increments and for no more than four hours per workday.[2]

In sum, substantial evidence did not support the ALJ's decision because "a reasoning mind" would not accept the ALJ's proffered explanations for discrediting Mr. Eyler's opinion. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Upon a proper evaluation of Mr. Eyler's

---

[2] In passing, the ALJ noted that the findings of other physicians also failed to support the sitting limitations opined by Mr. Eyler. Tr. 32. However, the ALJ failed to identify any opinions that undercut Mr. Eyler's findings. *See id.* Moreover, the ALJ was required to "explain how any material inconsistencies . . . in the evidence in the case record were considered and resolved." SSR 96–8P, 1996 WL 374184, at *7; *accord Ross v. Colvin*, No. 4:12-CV-283-Y, 2013 WL 5423980, at *3 (N.D. Tex. Sept. 27, 2013) ("[T]he ALJ must . . . explain why functional limitations can or cannot be reasonably accepted as consistent with medical or nonmedical evidence[.]"). Because the ALJ did not identify the evidence that supposedly undermined Mr. Eyler's conclusions, meaningful review of the ALJ's decision is frustrated.

*Clinton M. v. Kijakazi*
Civil No. 23-710-CDA
December 15, 2023
Page 5

opinion, the ALJ could determine that Mr. Eyler's opined sitting limitations are persuasive. Because that determination would affect the RFC and could also impact the ultimate disability determination reached in this case, remand is necessary.

Because the case is being remanded on other grounds, the Court need not address Plaintiff's other argument. On remand, the ALJ is welcome to consider that argument and to adjust the decision accordingly. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

### V.     **CONCLUSION**

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge